**CHONG HUA ZHAO, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

**No. 05–5551–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 18, 2006.

Jan Potemkin, New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney, District of Columbia; Madelyn E. Johnson; Daniel F. Van Horn, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Chong Hua Zhao, a native and citizen of the People's Republic of China, seeks review of a September 28, 2005 order of the BIA affirming the April 2, 2004 decision of Immigration Judge ("IJ") Paul A. Defonzo denying petitioner's application for asylum and withholding of removal. *In re Chong Hua Zhao*, No. A 77 353 657 (B.I.A. Sept. 28, 2005), *aff'g* No. A 77 353 657 (Immig. Ct. N.Y. City April 2, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ's adverse credibility determination was based on substantial and material inconsistencies and omissions in the record. For instance, the IJ accurately observed that the airport statement makes no reference to Zhao ever having any problems related to the coercive family planning policy. Additionally, while Zhao stated in his airport interview that he fled China because he had a fight with a police officer and "cut" the officer, he testified that he never made this statement. The IJ reasonably declined to credit this explanation, indicating at the hearing that, while it was understandable that an argument

with family planning officials could be interpreted as a "fight" with the police, it was difficult to understand how it could be interpreted as Zhao having "cut" a police officer. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). The IJ also accurately observed that while the credible fear interview indicates that Zhao told an asylum officer that his wife's abortion occurred in November 2000, and his son was born in 1999, he testified at his merits hearing that the abortion occurred in July 2000, and his son was born earlier that same year. These omissions and inconsistencies are material with respect to Zhao's claim that his wife underwent a forced abortion, and are substantial when measured against the entire record, thereby supporting the IJ's adverse credibility finding. *See Secaida–Rosales*, 331 F.3d at 308.

Moreover, Zhao's argument that the IJ unduly relied on his airport statement is unavailing. The airport statement is a verbatim account of the exchange that occurred between Zhao and an immigration officer, and not merely a paraphrasing of Zhao's responses. Further, Zhao indicated at the time that he was willing to speak with the officer. Although he indicates in his brief that the transcript did not represent an accurate description of his statements at that time, he confirmed at the hearing that he told the immigration officer most of the details contained in the transcript, except for the statement that he "got into a fight and cut the police officer." Thus, the IJ was entitled to rely on the airport interview. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004) (emphasizing that the Court will closely examine the interview to ensure that it

represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible).

Additionally, the IJ reasonably factored Zhao's omission from his testimony that family planning officials had looked for him at his home and accused him of "instigat[ing] other people against the government," into his adverse credibility determination. When the IJ asked Zhao why he did not mention this detail in his testimony, he responded that he thought it was "not that important." The IJ was not obliged to credit this explanation. *See Majidi,* 430 F.3d at 80–81.

Notwithstanding any flaws in the IJ's reasoning, we need not remand this case, because the material and substantial inconsistencies and omissions identified above amount to substantial evidence to support the IJ's adverse credibility finding and we can confidently predict that the correction of the flaws would not affect the outcome. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161–62 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). Given that the only evidence of a threat to Zhao's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on Zhao's claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Lastly, because Zhao raises his request for relief under the Convention Against Torture for the first time in his petition for review, the Court will not review this claim. *See* 8 U.S.C. § 1252(d); *Theodoropoulos v. INS,* 358 F.3d 162, 171 (2d Cir.2002) (finding that where exhaustion is required, a court must dismiss any unexhausted claim).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.